

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00451-CV

MICROBIOS, INC., DIRECT LLC, GREG NOVAK, AND TRACY DRUCE, APPELLANTS

V.

MATTHEW GARNER, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 109409-C-CV, Honorable Dan L. Schaap, Presiding

September 6, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

"IT IS, THEREFORE, ORDERED that Greg Novak and Tracy Druce are prohibited from causing or seeking to cause Ithaca Milk LLC or Fingerlakes Farms, LLC, to pay or transfer any assets, funds, distributions, dividends, or returns of capital to Mary Druce, Greg Novak or Tracy Druce."  That is the the temporary injunctive language underlying this interlocutory appeal by MicroBios, Inc., Direct LLC, Greg Novak, and Tracy Druce, (collectively "MicroBios").  The latter contend, among other things, that the order's

applicant and beneficiary, Matthew Garner, failed to prove imminent, irreparable injury. We reverse.

Whether to grant or deny a temporary injunction lies within the trial court's discretion. *Garza v. Perez*, No. 07-23-00240-CV, 2023 Tex. App. LEXIS 6475, at *2 (Tex. App.—Amarillo Aug. 23, 2023, no pet.) (mem. op.). Furthermore, the decision is reversible when discretion is abused, that is, when "'it exceed[s] the bounds of reasonable discretion.'" *Henry v. Cox*, 520 S.W.3d 28, 34 (Tex. 2017) (quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002)). And, it exceeds such bounds where the court misapplies the law to settled facts. *City of Lubbock v. Coyote Lake Ranch, LLC*, 440 S.W.3d 267, 271 (Tex. App.—Amarillo 2014) *aff'd on other grounds, Coyote Lake Ranch, LLC v. City of Lubbock*, 498 S.W.3d 53 (Tex. 2016).

Though there exists several elements to securing a temporary injunction, one pertains to the existence of imminent and irreparable harm. *Butnaru*, 84 S.W.3d at 204. Harm is so imminent when the party to be enjoined will engage in the activity sought to be halted. *Huynh v. Blanchard*, ___ S.W.3d ___, ___; 2024 Tex. LEXIS 442, at *45-46 (Tex. June 7, 2024). It is not shown through evidence indicating a mere possibility or fear of same. *King*, 15 S.W.3d at 659; *accord, Huynh*, 2024 Tex. LEXIS 442, at *45-46 (stating that an injunction will not lie to prevent an alleged threatened act, the commission of which is speculative and the injury from which is purely conjectural). Additionally, sufficient proof of imminence may come in the form of evidence illustrating actual injury, a pattern of actions, or a threat to undertake harmful action, for instance. *Id.*

To reiterate, the trial court temporarily enjoined Novak and Druce from "causing or seeking to cause Ithaca Milk LLC or Fingerlakes Farms, LLC, to pay or transfer any

2

assets, funds, distributions, dividends, or returns of capital to Mary Druce, Greg Novak or Tracy Druce." Concern over their committing the act enjoined arose when Novak emailed the manager of both LLCs (Brent Maynard) about a special meeting called by three LLC members, i.e., Novak, Tracy Druce, and Mary Druce. The latter collectively owned more than 50% of each entity. Additionally, the proposed topics of discussion encompassed the payment of dividends and capital accounts. Apparently, shares or ownership of Ithaca Milk and Fingerlakes were to be transferred to Garner per a settlement agreement. Novak sought to discuss dividends and capital accounts before that transfer occurred. Garner discovered this and sought injunctive relief, believing payment of dividends or capital accounts would devalue each LLC.

Yet, the evidence illustrated that any payments or distributions were contingent upon approval of either 1) a majority of the Ithaca Milk and Fingerlakes members or 2) Maynard. Simply put, they were not planned or scheduled but required approval. Moreover, no one cited us to evidence indicating that 1) either contingency occurred, 2) the requisite majority of the LLC members intended to vote for distribution or dividends, or 3) Maynard unilaterally intended to approve same. Nor did our search of the record uncover such evidence. This circumstance likens to that in *City of Terrell v. Edmonds*, No. 05-19-01248-CV, 2020 Tex. App. LEXIS 7296 (Tex. App.—Dallas Sept. 8, 2020, pet. denied) (mem. op.).

*Terrell* involved the City's consideration of a proposed annexation ordinance and temporarily enjoining the effort to adopt it. The trial court enjoined its adoption. However, the reviewing court found that decision improper due to its contingent nature. As the reviewing court wrote: "[a]lthough appellees contend that there is continuing, ongoing,

3

and imminent harm relating to the annexation, the disputed annexation is contingent upon the City considering and voting on the proposed annexation ordinance in two separate meetings of the City Council." *Id.* at 12. It continued by noting that without a final decision by the City, the dispute was not ripe for consideration, and the trial court, therefore, lacked jurisdiction to issue the injunctive relief. *Id. See State v. City of Austin*, No. 03-20-00619-CV, 2021 Tex. App. LEXIS 2651, at *25-26 (Tex. App.—Austin Apr. 8, 2021, no pet.) (mem. op.) (finding no showing of imminent harm from a hypothetical future order as it was, at most, contingent on another order actually being issued by the local officials that conflicted with the order at issue); *Hindes v. La Salle Cty.,* No. 04-14-00651-CV, 2015 Tex. App. LEXIS 8935, at *12-13 (Tex. App.—San Antonio Aug. 26, 2015, no pet.) (mem. op.) (concluding, "[b]ecause the commissioners court has yet to rule on Townsend's Chapter 251 application, we cannot agree that Hindes has shown that he will suffer imminent harm" and stating the "alleged injury remains contingent" and the "claim is not ripe for review"); *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998) (stating that a matter is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass).

Here, as in *Terrell*, a meeting may have been scheduled to consider particular action. Yet, the trial court did not enjoin the meeting itself. It barred the disbursement of monies or assets from the LLCs despite the absence of any final decision by the requisite majority or evidence that anyone intended to approve such disbursements. Simply put, the act feared by Garner remained contingent upon a vote which may or may not transpire, and Garner failed to prove that anyone engaged or would engage in the acts sought to be enjoined. What we have here is merely a possibility or fear of its occurrence,

4

nothing more.  So, like the court in *Terrell*, we conclude that the feared act was not ripe for curtailment through a temporary injunction.  Issuing one, therefore, constituted a misapplication of the law to the facts and an instance of abused discretion.

Accordingly, we sustain MicroBios's first issue, reverse the trial court's order granting the temporary injunction, and remand the matter to the trial court for further proceedings.


Brian Quinn
Chief Justice